UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE TRAVELERS INDEMNITY CO. OF AMERICA a/s/o MILFORD FABRICATING COMPANY, INC., <br>    Petitioner, <br><br> v. <br><br> AMADA AMERICA, INC., ET AL., <br>    Respondents. | No. 3:09cv1650 (SRU) |

**RULING AND ORDER ON MOTION TO REMAND**

Petitioner Travelers Indemnity Co. of America ("Travelers"), as subrogee of Milford Fabricating Company, Inc. ("Milford Fabricating"), served a Summons and Verified Petition for Bill of Discovery upon Respondents Amada America, Inc. ("Amada"), a Washington corporation, and Donaldson Co. Inc. ("Donaldson"), a Delaware corporation, and filed a copy with the clerk of court in Connecticut Superior Court.  With the consent of Donaldson, Amada then removed the petition to federal court claiming diversity jurisdiction (doc. # 1).  Travelers now moves to remand to state court (doc. # 12) and requests costs and expenses.  Amada opposes the motion; Donaldson also opposes the motion for the reasons stated by Amada (doc. # 18).

**I.    Standard of Review**

The party asserting federal jurisdiction bears the burden of showing that the case is properly before the federal court.  *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  In order for a defendant to remove a case to federal court, it must allege that the federal court has original jurisdiction over the matter.  *See* 28 U.S.C. § 1441(b); *see also Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  It is well established that the defendant may only remove a case if the claim could have been brought by the plaintiff in federal court.  *Merrill Dow*

*Pharm., Inc. v. Thompson*, 478 U.S. 804, 804 (1985).

**II.     Jurisdiction over the Petition**

Amada argues that removal is proper because diversity jurisdiction exists under 28 U.S.C. § 1332.  The parties do not dispute that Travelers is a Connecticut corporation, Milford Fabricating is a Connecticut corporation, Amada is a citizen of California, and Donaldson is a citizen of Delaware.  (Notice of Removal, doc. # 1, Ex. A, Verified Petition for Bill of Discovery, ¶¶ 2-5.)  The parties dispute the amount in controversy.[1]

The determining issue in this case is the amount in controversy.  For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

Amada argues "it is clear from the petition" that Travelers's subrogation claims against the Respondents exceeds $75,000 because the petition states that the fire at issue completely destroyed the insured's main building and all of its business contents.  (Notice of Removal ¶ 16.)  The petition, however, does not raise a subrogation claim and seeks only discovery in aid of a subrogation action "to be brought" against respondents.  (*Id.* Ex. A, Summons, Verified Petition for Bill of Discovery.)

I agree with the holding in *Bryan v. American West Airlines*, "That the complaint, once drafted, will undisputedly seek more than $75,000, is insufficient to create federal jurisdiction at this time." *Bryan*, 405 F. Supp. 2d 218, 222 (E.D.N.Y. 2005).  Here, as in that case, "the petition does not state a claim for damages" and fails to satisfy the $75,000 jurisdictional amount for

---

[1] The parties also dispute whether a Petition for Bill of Discovery is a proper action or proceeding eligible for removal.  I do not reach that issue.

diversity. A bill of discovery is "an independent action in equity" that seeks discovery in aid of a potential claim. *See Berger v. Cuomo*, 230 Conn. 1, 5-6 (1994) ("The bill of discovery is an independent action in equity for discovery, and is designed to obtain evidence for use in an action other than the one in which discovery is sought. As a power to enforce discovery, the bill is within the inherent power of a court of equity that has been a procedural tool in use for centuries.") (citations removed).

Respondents urge me to reach the opposite conclusion and point to *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316 (11th Cir. 2001). Their argument is unpersuasive. First, *Bryan* and the present case are substantively distinguishable from *Williams*. *Williams* involved a personal injury suit filed in state court that had been removed to federal court. *See id.* This case does not involve a substantive action filed in state court, but a "separate" action seeking only discovery.

Second, the rule of *Williams* does not require the outcome the respondents seek. In that case, the circuit court remanded for a determination of the amount in controversy and established the following procedure for the district court to use: "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." 269 F.3d at 1319. Further, "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* Applying that rule here, the face of the petition states it seeks discovery rather than damages. Additionally, the notice of removal indicates that, although a suit involving the substantive claims based on the described incidents will likely demand more than the jurisdictional amount, the only thing demanded in the present

petition is discovery.

The case is also distinguishable from *Dublin Worldwide Productions (USA), Inc. v. Jam Theatricals, LTD.*, 162 F. Supp. 2d 275 (E.D.N.Y. 2001). In that case, the district court denied a motion to remand a "pre-action discovery" proceeding to New York state court. In contrast to Connecticut law, however, under New York law, "a petition can seek pre-action discovery under [N.Y.C.P.L.R.] 3102(c) only if the petitioner already has an existing cause of action against the respondent and is simply seeking early discovery for one of the reasons specified" in the applicable statute. 162 F. Supp. 2d at 277 (citations removed). The plaintiff in *Dublin* had communicated to the defendant the amount in controversy and its intention to file suit in federal court; here, Travelers has not stated any amount in controversy, nor has it "declared an unequivocal intention to commence" any action seeking substantive relief, let alone a federal action. *See id.* at 276. Likewise, the case is distinguishable from *Christian, Klein & Cogburn v. Nat'l Assoc. Of Securities Dealers, Inc.*, 970 F. Supp. 276 (S.D.N.Y. 1997). There, the court noted that the attorney affirmation "directly invoke[d] violations of federal securities laws as a basis for its pre-complaint discovery." *Id.* at 278. No such federal nexus exists here to confer federal subject matter jurisdiction.

Accordingly, I conclude diversity jurisdiction does not exist because the bill of discovery that initiated this proceeding does not satisfy the jurisdictional amount in controversy. This ruling is without prejudice to the respondents' right to timely remove any subsequent action seeking substantive relief that satisfies the requirements of federal jurisdiction.

### III.     Conclusion

The burden is on the removing party to establish federal jurisdiction and Amada has failed to carry that burden at this time.  Accordingly, the motion to remand (**doc. # 12**) is **GRANTED**.  The petition is remanded to the Connecticut Superior Court for the Judicial District of Ansonia-Milford at Milford.  The clerk shall effect the remand and close this file, without costs to any party.

It is so ordered.

Dated at Bridgeport, Connecticut, this 14th day of January 2010.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge